UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MEGHAN DERBA,<br>on behalf of herself and all others<br>similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

## CLASS ACTION COMPLAINT

### INTRODUCTION

Plaintiff, Meghan Derba files this class action against the defendant, Target Corporation due to the defendant's failure to secure the credit and debit card data of its customers resulting in unauthorized third-party access to Target's payment card data from November 27, 2013 through December 15, 2013. The plaintiff is a Target customer who made several purchases at Target during this time period. The plaintiff brings claims for 1) negligence; 2) negligent misrepresentation; and 3) breach of implied contract.

### PARTIES

1.　　The plaintiff, Meghan Derba, is an individual who resides in Bristol County, Massachusetts.

2.　　The defendant, Target Corporation ("Target" or "Defendant") is a retail business with its principal offices in Minnesota. Target owns approximately 36 retail department stores in Massachusetts.

1

## JURISDICTION

3.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from Defendant; there are more than 100 Class members nationwide; and the aggregate amount in controversy exceeds $5,000,000 and minimal diversity exists.

4.      The Court had personal jurisdiction over the defendant as it has 36 retail stores in Massachusetts and transacts substantial business here on a daily basis.  Venue is proper as the plaintiff resides in Bristol County, Massachusetts.

## FACTS

5.      Target operates retail department stores throughout the United States.  It owns and operates 36 retail department stores in Massachusetts.  Target is one of the top five grossing retailers in the United States.

6.      On or about December 19, 2013, Target notified its customers of a massive data breach to its Target payment card data.  The data breach started on November 27, 2013 and continued through December 15, 2013.

7.      During this 22 day period, unidentified third-parties accessed Target's payment system to obtain the following information encoded on the back of credit and debit cards: customer names, credit and debit card numbers, card expiration dates and the Card Verification Value Code ("CVV").  The CVV code is a three to four digit security code feature for "card not present" transactions (e.g. Internet transactions).

8.      This 22 day long data breach included the post-Thanksgiving shopping spree known as "Black Friday", as well as a substantial portion of the Christmas shopping season.

9.      It has been estimated that over 40 million customers nationally were victims of this data breach.  Approximately 1 million Target consumers in Massachusetts were affected.

10.      The plaintiff and the Class made purchases at Target with their credit and/or debit cards between November 27 and December 15, 2013.  In the course of entering into these transactions with Target, the plaintiff and the Class entrusted the confidential information on their credit and/or debit cards to Target when they swiped their cards at Target's payment processing terminal located at the cash register.

11.      The plaintiff's and the Class' card information was provided for the limited purpose of completing the transactions.  At all times Target maintained and represented to its customers that its credit and debit payment processing system was secure and confidential.

12.      It is currently being reported that credit and debit card information obtained from Target in the data breach is already being sold on the black market.  The plaintiff and the Class have an ongoing concern that their card data will be used for illegal, unauthorized withdrawals or for identity theft.

## CLASS ACTION ALLEGATIONS

13.      Plaintiff brings this action as a class action on behalf of herself and all others similarly situated as members of a Class defined as follows:

> All persons who used credit or debit cards at Target Corporations stores in Massachusetts and whose personal and/or financial information was breached during the period from on or about November 27 to on or about December 15, 2013.

14.     Excluded from the proposed Class are: any entity in which Defendant has a controlling interest; any of Defendant's officers, directors, or employees; and the legal representatives, heirs, successors, and assigns of Defendant.

15.     Plaintiff meets the prerequisites of Rule 23(a) to bring this action on behalf of the Class because:

a.     *Numerosity.* The members of the Class are so numerous that joinder of all members in one action is impracticable. The precise number of Class members is unknown to plaintiff at this time, but the Class likely numbers in the thousands since there are thirty six Target Corporation stores in Massachusetts and thousands of people shop at each store daily. Plaintiff believes there are many thousands of Class members in Massachusetts.

b.     *Common Questions of Law and Fact.* Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. These common contentions, the determinations of which will resolve issues central to the validity of each Class member's claim, include the following:

     i.   Whether defendants unlawfully used, maintained, lost or disclosed Class members' personal and/or financial information;

    ii.   Whether defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach;

   iii.   Whether defendants' conduct was negligent;

   iv.   Whether defendant negligently misrepresented that Class members' personal and/or financial information would be safe and secure;

    v.   Whether defendants violated an implied contract with plaintiff and the Class;

    vi.   Whether defendants acted willfully and/or with oppression, fraud, or malice;

    vii.   Whether plaintiff and the Class are entitled to damages, punitive damages, and/or injunctive relief.

    c.   *Typicality.* Plaintiff's claims are typical of the claims of the Class members because plaintiff used credit or debit cards at Target Corporations stores in Massachusetts and her personal and/or financial information was breached.

    d.   *Adequacy.* Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent. Plaintiff has retained competent counsel experienced in class actions and privacy litigation and plaintiff has no interests antagonistic to or in conflict with those of the Class. Plaintiff's counsel is committed to vigorously prosecuting this action on behalf of the Class and has the financial resources necessary to do so.

16.    Class action status is warranted under Rule 23(b)(3) because questions of law or fact common to members of the Class predominate over any questions affecting only individual members and a class action is superior to the other available methods for the fair and efficient adjudication of this controversy.

**COUNT ONE**
**NEGLIGENCE**

17.    Plaintiff repeats and re-alleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

18.     Defendant Target assumed a duty to use reasonable care to keep the credit card and other nonpublic information of the Class that is, or was, in its possession and control private and secure.  By its acts and omissions described herein, Defendant unlawfully breached this duty.  The Class was damaged thereby.

19.     The breach of security was a direct and proximate result of Defendant's failure to use reasonable care to implement and maintain appropriate security procedures reasonably designed to protect the credit and debit card information and other nonpublic information of the Class.  This breach of security and unauthorized access to the private nonpublic information of the Class was reasonably foreseeable.

20.     Defendant was in a special fiduciary relationship with the Class by reason of its entrustment with credit and debit card information and other nonpublic information.  By reason of this fiduciary relationship, Defendant had a duty of care to use reasonable means to keep the credit and debit card information and other nonpublic information of the Class private and secure.  Defendant also had a duty to inform Class members in a timely manner when their credit and debit card information and other nonpublic information became compromised.  Defendant has unlawfully breached these duties.

21.     Pursuant to Class members' rights to privacy, Defendant had a duty to use reasonable care to prevent the unauthorized access, use, or dissemination of the credit and debit card information and other nonpublic information.  Defendant unlawfully breached this duty.

22.     The compromise of the Class' nonpublic information, and the resulting burden, fear, anxiety, emotional distress, loss of time spent seeking to prevent or undo any further harm, and other economic and non-economic damages to the Class, were the direct and proximate result of Defendant's violation of its duty of care.

23.     Defendant had a duty to use reasonable care to destroy, and not unnecessarily store, credit and debit card information and other personal information of the Class.  By the acts described herein, Defendant negligently breached this duty, and the Class was harmed thereby.

24.     Defendant knew or should have known that its network for processing and storing credit and debit card transactions and related information had security vulnerabilities.  Defendant was negligent in continuing such data processing in light of those vulnerabilities and the sensitivity of the data.

25.     As a direct and proximate result of Defendant's conduct, the Class suffered damages including, but not limited to, loss of control of their credit card and other personal financial information; monetary loss for fraudulent charges incurred on their accounts; fear and apprehension of fraud, loss of money, and identity theft; the burden and cost of credit monitoring to monitor their accounts and credit history; the burden and cost of closing compromised accounts and opening new accounts; the burden of closely scrutinizing credit card statements for past and future transactions; damage to their credit history; loss of privacy; and other economic damages.

## COUNT TWO
## NEGLIGENT MISREPRESENTATION

26.     Plaintiff repeats and re-alleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

27.     Defendant Target assumed a duty to use reasonable care to keep the credit card and other nonpublic information of the Class that is, or was, in its possession and control private and secure.  Defendant Target negligently misrepresented that Class members' credit card and

other nonpublic information was safe and secure, but breached its duty to keep such information secure. The Class was damaged thereby.

28.     The breach of security was a direct and proximate result of Defendant's failure to use reasonable care to implement and maintain appropriate security procedures reasonably designed to protect the credit and debit card information and other nonpublic information of the Class. This breach of security and unauthorized access to the private nonpublic information of the Class was reasonably foreseeable.

29.     Defendant was in a special fiduciary relationship with the Class by reason of its entrustment with credit and debit card information and other nonpublic information. By reason of this fiduciary relationship, Defendant had a duty of care to use reasonable means to keep the credit and debit card information and other nonpublic information of the Class private and secure. Defendant also had a duty to inform Class members in a timely manner when their credit and debit card information and other nonpublic information became compromised. Defendant has unlawfully breached these duties.

30.     Pursuant to Class members' rights to privacy, Defendant had a duty to use reasonable care to prevent the unauthorized access, use, or dissemination of the credit and debit card information and other nonpublic information. Defendant unlawfully breached this duty.

31.     The compromise of the Class' nonpublic information, and the resulting burden, fear, anxiety, emotional distress, loss of time spent seeking to prevent or undo any further harm, and other economic and non-economic damages to the Class, were the direct and proximate result of Defendant's violation of its duty of care.

32.     Defendant had a duty to use reasonable care to destroy, and not unnecessarily store, credit and debit card information and other personal information of the Class.  By the acts described herein, Defendant negligently breached this duty, and the Class was harmed thereby.

33.     Defendant knew or should have known that its network for processing and storing credit and debit card transactions and related information had security vulnerabilities.  Defendant was negligent in continuing such data processing in light of those vulnerabilities and the sensitivity of the data.

34.     As a direct and proximate result of Defendant's conduct, the Class suffered damages including, but not limited to, loss of control of their credit card and other personal financial information; monetary loss for fraudulent charges incurred on their accounts; fear and apprehension of fraud, loss of money, and identity theft; the burden and cost of credit monitoring to monitor their accounts and credit history; the burden and cost of closing compromised accounts and opening new accounts; the burden of closely scrutinizing credit card statements for past and future transactions; damage to their credit history; loss of privacy; and other economic damages.

## COUNT THREE
## BREACH OF AN IMPLIED CONTRACT

35.     Defendant entered into an implied contract with Plaintiff class to provide goods in exchange for payment.

36.     Implicit in this relationship was an agreement that Defendant would take reasonable precautions to protect the personal, nonpublic information from Plaintiff class's debit and credit cards.

9

37.     Defendants breached this contract by failing to appropriately safeguard Plaintiff class's private financial information.

38.     As a result of this breach, Plaintiff class has suffered injuries including loss of control of their credit card and other personal financial information; monetary loss for fraudulent charges incurred on their accounts; fear and apprehension of fraud, loss of money, and identity theft; the burden and cost of credit monitoring to monitor their accounts and credit history; the burden and cost of closing compromised accounts and opening new accounts; the burden of closely scrutinizing credit card statements for past and future transactions; damage to their credit history; loss of privacy; and other economic damages.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests the following relief:

1.     that this Court certify this action as a Class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), and appoint Plaintiff and her counsel to represent the Class;

2.     that this Court enter judgment in favor of Plaintiff and the Class, and against Defendant Target under the legal theories alleged herein;

3.     that this Court award damages under the common law theories alleged herein;

4.     that this Court award attorneys' fees, expenses, and costs of this suit;

5.     that this Court award punitive damages and injunctive relief to prevent this result from re-occurring;

6.     that this Court award Plaintiff and the Class pre-judgment and post-judgment interest at the maximum rate allowed by law; and

7.      that this Court award such other and further relief as it may deem just and

appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS AND CAUSES OF ACTION CONTAINED HEREIN.**

Respectfully submitted,

on behalf of the Plaintiff,


/s/ Carlin J. Phillips

Carlin J. Phillips, Esq. BBO # 561916

Andrew J. Garcia, Esq. BBO # 559084

PHILLIPS & GARCIA, P.C.

13 Ventura Drive

N. Dartmouth, MA 02747

(508) 998-0800

(508) 998-0919 (fax)

cphillips@phillipsgarcia.com

agarcia@phillipsgarcia.com


(pending pro hac vice admission)

Mila F. Bartos

Stan M. Doerrer

Finkelstein Thompson LLP

1077 30th Street, NW Unit 150

Washington, DC 20009

(202) 337-8000

11

(202) 337-8090

mbartos@finkelsteinthompson.com

sdoerrer@finkelsteinthompson.com

Dated:    December __, 2013